IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MATTHEW WILLIAM LEAVELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-609-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

by Petitioner, Matthew William Leavell, a state prisoner confined in the Correctional Institutions

Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division,

Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded

that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On January 8, 2004, having found Petitioner guilty of burglary of a habitation, a jury in Hood

County, Texas, Case No. 9155, assessed his punishment at 18 years' confinement and a $2000 fine.

Clerk's R. 43, ECF No. 10-1. On March 31, 2005, Petitioner's conviction was affirmed on appeal.

Mem. Op. 5, ECF No. 10-10. Petitioner did not file a petition for discretionary review. Pet. 3, ECF

No. 1. Thereafter, between April 19, 2018,[1] and July 5, 2018, Petitioner filed two state habeas-corpus

---

[1]A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's applications do not reflect that information, however the "Inmate's Declaration" in each application reflects the date it was signed by Petitioner. For purposes of this opinion, the Court deems the applications filed on those dates.

applications challenging his conviction, to no avail. Apps.,[2] ECF Nos. 10-15 & 10-21. Petitioner filed this federal habeas petition challenging his conviction on July 19, 2019,[3] raising multiple grounds for relief. Pet. 12, ECF No. 1. Respondent asserts that the action is time-barred under the federal statute of limitations. Resp't's Preliminary Answer 4-8, ECF No. 9.

## II. DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

---

[2]"SHR01" and "SHR02" refer to the records of Petitioner's state habeas proceedings in WR-88,537-01 and WR-88,537-02, respectively. ECF Nos. 10-15 & 10-21.

[3]Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period commenced on the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, Petitioner's conviction became final on Monday, May 2, 2005,[4] upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals, and expired one year later on May 2, 2006. *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Accordingly, Petitioner's federal petition was due on or before May 2, 2006, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas applications, both of which were filed after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner provides no explanation for his years-long delay, and the record reveals none. Inadequate prison law libraries and his layman status and unfamiliarity with the law and filing deadlines are common problems for prisoners seeking post-conviction relief and do not warrant equitable tolling. Corresp. 1, ECF No. 13; *Scott v. Johnson,* 227 F.3d 260, 263 n.3 (5th Cir. 2000);

---

[4]April 30, 2005, was a Saturday.

3

*Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000). His extreme delay further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). Nor does he present "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade this Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner has not demonstrated a basis for equitable tolling.

Accordingly, Petitioner's federal petition was due on or before May 2, 2006. His petition filed on July 29, 2019, is therefore untimely.

## III.  CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability is DENIED.

**SO ORDERED** on this 20th day of April, 2020.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**